IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**LEONARD LORENZO BULLOCK,**

    Plaintiff,

v.                                                        Civil Action No. **3:20CV832**

**SGT. WILLIAMS,** *et al.*,

    Defendants.

**MEMORANDUM OPINION**

Leonard Lorenzo Bullock, a state prisoner proceeding *pro se*, filed this 42 U.S.C. § 1983 action. (ECF No. 1.) On March 9, 2021, the Court dismissed the action without prejudice because Bullock neither paid the initial partial filing fee nor averred that he could not pay such a fee. (ECF Nos. 8, 9.) On March 24, 2021, the Court received a Motion for Reconsideration from Bullock, in which he stated that he could pay the filing fee. (ECF No. 12, at 1–2.) Because the Motion for Reconsideration was received within twenty-eight days after the entry of the March 9, 2021 Memorandum Opinion and Order, the Court will construe this submission as a motion filed pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion"). *See MLC Auto., LLC v. Town of S. Pines*, 532 F.3d 269, 277–78 (4th Cir. 2008) (filings made within twenty-eight days after the entry of judgment construed as Rule 59(e) motions (citing *Dove v. CODESCO*, 569 F.2d 807, 809 (4th Cir. 1978))).

"[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or

(3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)).

Bullock apparently relies upon the third ground. However, Bullock fails to demonstrate that the Court committed a clear error of law or that relief under Rule 59(e) is necessary to prevent a manifest injustice. To date, Bullock has still failed to pay the initial partial filing fee or aver that he cannot pay such a fee.

Accordingly, Bullock's Rule 59(e) Motion (ECF No. 12) will be DENIED.

If Bullock wishes to continue to litigate this action, he may submit the initial partial filing fee of $32.30, and upon receipt, the Court will file his complaint as a new civil action.

An appropriate Order will accompany this Memorandum Opinion.

Date: 22 April 2021
Richmond, Virginia

/s/
John A. Gibney, Jr.
United States District Judge